UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARCOS BARAJAS,<br>Defendant. | Case No. 18-CR-00159-LHK-1<br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br>Re: Dkt. No. 27 |

Before the Court is Defendant Marcos Barajas' ("Barajas") motion to dismiss the indictment for 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. ECF No. 27 ("Mot."). Barajas asserts two constitutional challenges: that the indictment violates the Double Jeopardy Clause, and that the pre-indictment delay requires the Court to dismiss the indictment. Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES Barajas' motion to dismiss the indictment.

**I.  BACKGROUND**

Barajas' motion to dismiss the indictment does not include any supporting evidence, such as documents or affidavits attesting to the facts of the case. Nonetheless, Barajas' motion sets forth a timeline of events and factual background that the government does not dispute. In fact, the

1
Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

government's opposition to the instant motion assumes Barajas' timeline of events and factual background. *See, e.g.*, ECF No. 28 ("Opp.") at 5-6. Therefore, for the limited purpose of the instant order, the Court will also assume the facts as alleged in Barajas' instant motion.

There were two separate investigations of Barajas. The first investigation was conducted by the San Jose Police Department ("SJPD") and led to a prosecution and the conviction of Barajas, and the second by Merced County officials in conjunction with federal authorities that has not led to a prosecution of Barajas. The Court first discusses the SJPD investigation, and then the Merced County investigation. Finally, the Court discusses the federal case against Barajas.

### 1. San Jose Police Department Investigation

Barajas has been convicted of multiple felonies, including: assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(2); possession of a controlled substance for sale in violation of Cal. Health & Safety Code § 11378; and carrying a loaded firearm in violation of Cal. Penal Code § 12031. ECF No. 1 at 5.

On August 8, 2016, SJPD officer Anthony Torres of the SJPD Violent Crime Enforcement Team Unit recognized Barajas from three Facebook postings, two of which depicted Barajas holding a firearm. Mot. at 2. On August 9, 2016, the SJPD Violent Crime Enforcement Team Unit conducted a parole search of Barajas' apartment. In the apartment, the officers found a "two-toned firearm wrapped in a bandana in an A/C vent." *Id.* The firearm contained a loaded magazine, and "appeared to be similar to the one posted on Facebook." *Id.* Barajas refused to make a statement and was transported to the Santa Clara County Main Jail.

On August 17, 2016, Barajas was charged by felony complaint in the California Superior Court of Santa Clara County. *Id.* at 1. Ultimately, a first amended felony complaint, charging Barajas under Cal. Penal Code § 29800(a)(1) (felon in possession of a firearm) and Cal. Penal Code § 30305(a)(1) (felon in possession of ammunition), was filed. *Id.* at 1-2.

On April 29, 2017, Barajas pled nolo contendere to the charge of Cal. Penal Code § 29800(a)(1), felon in possession of a firearm with a gang enhancement. *Id.* at 5. The other charge under Cal. Penal Code § 30305(a)(1), felon in possession of ammunition, was dismissed. *Id.* On

2
Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

August 30, 2017, Barajas was sentenced to 1 year of county jail and 5 years of felony probation. *Id.*

### 2. Merced County Investigation

Merced County officers began an investigation into Barajas on July 21, 2016, approximately two months before the SJPD's investigation. Mot. at 10. On December 14, 2016, an application for a search warrant was made to the California Superior Court of Merced County by an officer of the Atwater Police Department assigned to the Merced Area Gang Narcotics Enforcement Team. *Id.* at 3. The search warrant application was made as part of a gang investigation into Sureno street gang activity in Merced County, California. *Id.* In the search warrant application, the investigating officer referenced Facebook messages between a Sureno street gang member and an individual believed to be Barajas. *Id.* Based on the content of the Facebook messages, Merced County officers obtained Barajas' SJPD arrest report, which confirmed that the Facebook user was indeed Barajas. *Id.* at 4.

On April 28, 2017, Merced County officers sought a warrant to intercept communications from two cellphones believed to be used by Barajas. *Id.* The wiretap application requested that Merced County officers as well as other state and federal agencies be permitted to assist in executing the wiretap order. *Id.* The wiretap application also stated that some of the information regarding the listed target subjects of the wiretap were obtained from federal sources such as the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *Id.* at 5. The wiretap application also listed Barajas' criminal history and cited Barajas' August 2016 arrest after the SJPD officers' parole search. *Id.* The record does not indicate whether a court granted this wiretap application. Merced County has not filed any charges against Barajas. *Id.* at 10.

### 3. Federal Case

On April 6, 2018, Barajas was charged in federal court by way of criminal complaint for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. ECF No. 1. The affidavit of Charlie Chua formed the basis for the federal charge. Since at least April 2018, Chua has been a

3

Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

United States District Court
Northern District of California

special agent for the California Department of Corrections' Rehabilitation Special Service Unit and has been assigned as a task force officer for the FBI as part of the Santa Clara County Violent Gang Task Force. Mot. at 8. Chua's affidavit relied upon evidence gathered by the SJPD's investigation into Barajas. *Id.* Specifically, Chua's affidavit relied upon the SJPD's August 9, 2016 parole search of Barajas' apartment. *Id.* at 3. On April 19, 2018, a federal grand jury returned a true bill charging Barajas with violating 18 U.S.C. § 922(g)(1). ECF No. 6.

On March 20, 2019, Barajas filed the instant motion to dismiss the indictment. ECF No. 27 ("Mot."). On April 3, 2019, the government filed an opposition. ECF No. 28 ("Opp."). Barajas did not file a reply.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

## III. DISCUSSION

In the instant motion to dismiss the indictment, Barajas argues that the indictment violates the Double Jeopardy Clause, and that the indictment should be dismissed because of excessive pre-indictment delay. The Court will first address the double jeopardy argument, and then the pre-indictment delay argument.

### A. Double Jeopardy

Barajas argues that the federal indictment violates the Double Jeopardy Clause because California and the federal government worked so closely together in investigating Barajas that

4
Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

California and the federal government should not be treated as separate entities. Mot. at 8. Rather, because Barajas was already convicted in California for the same firearm offense that undergirds the federal prosecution, prosecuting Barajas federally would violate double jeopardy. *Id.* at 8-9. The government contends that the amount of cooperation between federal and state authorities in investigating and prosecuting Barajas does not rise to the level required to implicate the Double Jeopardy Clause. Opp. at 4. The Court agrees with the government.

"The Double Jeopardy Clause, applied to the States through the Fourteenth Amendment, provides that no person may be tried more than once 'for the same offence.'" *Currier v. Virginia*, 138 S. Ct. 2144, 2149 (2018). "But two prosecutions, this Court has long held, are not for the same offense if brought by different sovereigns—even when those actions target the identical criminal conduct through equivalent criminal laws." *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1870 (2016). "The Double Jeopardy Clause thus drops out of the picture when the entities that seek successively to prosecute a defendant for the same course of conduct [are] separate sovereigns." *Id.* (internal quotation marks omitted). Critically, the "clause does not prohibit successive prosecutions by separate sovereigns—such as the federal government and the State of California—arising out of the same acts." *United States v. Lucas*, 841 F.3d 796, 803 (9th Cir. 2016). This is termed the "dual-sovereign doctrine." *Id.*

However, there exists "a narrow exception to this dual-sovereign doctrine" that the Ninth Circuit has termed the *Bartkus* exception. *Id.* Under the *Bartkus* exception, "the Double Jeopardy Clause limits consecutive state and federal criminal proceedings only when federal authorities 'so thoroughly dominate[] or manipulate[] the [state's] prosecutorial machinery . . . that the latter retains little or no volition in its own proceedings.'" *United States v. Zone*, 403 F.3d 1101, 1105 (9th Cir. 2005) (quoting *United States v. Guzman*, 85 F.3d 823, 827 (1st Cir. 1996)). However, the exception is narrow. For instance, the Double Jeopardy Clause does not prevent federal prosecutors from "taking advantage of the evidentiary record developed in connection with a defendant's previous state conviction." *Id.* "[T]here may be very close coordination in the prosecutions, in the employment of agents of one sovereign to help the other sovereign in the

5

Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

prosecution, and in the timing of the court proceedings so that the maximum assistance is mutually rendered by the sovereigns." *Id.* (quoting *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991)). Moreover, the defendant has the burden of "tendering sufficient evidence to establish a prima facie double jeopardy claim." *Id.*

Barajas has not met his burden of establishing a prima facie double jeopardy claim. Barajas fails to present any evidence that federal entities "dominated" or "manipulated" SJPD's independent prosecution of Barajas such that the *Bartkus* exception is implicated. Specifically, Barajas fails to cite evidence suggesting that federal authorities had anything to do with the SJPD's August 2016 investigation and parole search of Barajas' apartment, which form the basis for the federal charge according to Charlie Chua's affidavit. ECF No. 1 at 2-3. Without citing any evidence, Barajas vaguely alludes to "multiagency" task forces that impermissibly "intertwined" the SJPD's Barajas investigation with federal authorities. Mot. at 8-9.

However, there is no evidence in the record that any multiagency task force was involved in SJPD's investigation or prosecution of Barajas. The evidence shows that only the SJPD Violent Crime Enforcement Team Unit investigated and prosecuted Barajas. *Id.* at 2-3, 5 ("A parole search of Mr. Barajas' apartment was conducted [by the SJPD Violent Crimes Enforcement Team] . . . [which] located a two-toned firearm wrapped in a bandana in the A/C vent above a crib. . . . The firearm appeared to be similar to the one posted on Facebook.").

Although the affiant in the federal case, Charlie Chua, has been a special agent for the California Department of Corrections and Rehabilitation's Special Service Unit as well as a task force officer with the FBI's Santa Clara County violent gang task force since at least April 2018, and Chua used the evidence from the SJPD's August 2016 investigation two years later in his April 2018 federal court affidavit, there is no evidence that Chua participated in the SJPD's 2016-2017 investigation and prosecution of Barajas or coordinated the SJPD's investigation and prosecution with federal authorities. There is no evidence in the record as to whether Chua was even a task force officer in 2016 and 2017.

Thus, Barajas' claim that the SJPD's investigation was intertwined with federal authorities

fails because there is no evidence that there was any federal involvement in the SJPD's investigation or prosecution of Barajas. Moreover, using evidence obtained from a state investigation to support a federal charge does not violate the Double Jeopardy Clause. *See Zone*, 403 F.3d at 1105 (holding that double jeopardy does not prevent "taking advantage of the evidentiary record developed in connection with a defendant's previous state conviction.").

What little evidence Barajas provides that suggests collaboration between federal and California authorities relate only to the Merced County 2016-2017 investigation which has not led to a prosecution. The Merced County investigation, which began on July 21, 2016, involved an April 28, 2017 wiretap application that requested that both state and federal agencies should be allowed to execute the wiretap order. Mot. at 4. There is no evidence in the record that a court granted this wiretap application. Barajas notes that a Merced County officer obtained information about subjects in the wiretap application from, *inter alia*, the FBI and ATF. *Id.* at 5. However, the Merced County investigation has little bearing on the instant case, as Barajas was charged with a violation of 18 U.S.C. § 922(g)(1) based on evidence obtained from the SJPD's 2016 investigation, not the Merced County's 2016-2017 investigation. *See generally* ECF No. 1. Plaintiff's March 20, 2019 motion to dismiss admits that "Merced County . . . has not filed charges on Mr. Barajas at present." Mot. at 10. Moreover, Chua, the affiant in the April 6, 2018 federal criminal complaint charging Barajas, ECF No. 1, was never involved in the Merced County investigation.

Thus, nothing that Barajas has cited rises to the level of "one government being the other's 'tool' or providing a 'sham' or 'cover.'" *Figueroa-Soto*, 938 F.2d at 1020. At most, what Barajas cites—the April 28, 2017 Merced County wiretap application that requested that both state and federal agencies should be allowed to execute the wiretap order and the fact that Merced County officers obtained information on subjects in the wiretap application from the FBI and the ATF— suggests that the federal government may have assisted or collaborated to a limited extent with Merced County authorities in the Merced County investigation. However, there is no evidence in the record that a court granted this wiretap application, and the Merced County investigation has

7

Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

United States District Court
Northern District of California

not led to a prosecution of Barajas. Even if Merced County had prosecuted Barajas, Barajas provides no evidence that the federal authorities exercised a level of control over the Merced County investigation such that the Merced County authorities became a tool of the federal government.

Indeed, the Ninth Circuit has found that federal conduct that was drastically more direct and extensive than in the instant case did not implicate the *Bartkus* exception. Specifically, the Ninth Circuit held that "in *Figueroa-Soto*, we found the *Bartkus* exception did not apply when:"

> (1) The state prosecuted the defendant at the request of federal authorities; (2) federal agents assisted with the state prosecution, sitting at the prosecutor's table at trial and testifying as witnesses; (3) the federal authorities provided evidence against the defendant for use during the trial; (4) the federal sentencing hearing of a key witness was delayed until after the witness testified in the state trial against the defendant; (5) a federal forfeiture proceeding was delayed so the state prosecution would not be adversely affected; (6) federal agents contacted the state's witnesses before trial; and (7) the state prosecutor was cross-designated as a special assistant U.S. attorney to prosecute the defendant in federal court and was paid by the state for his role in the federal prosecution.

*Lucas*, 841 F.3d at 804 (citing *Figueroa-Soto*, 938 F.2d at 1018-19).

The instant case has none of the *Figueroa-Soto* circumstances. As for Merced County, none of the circumstances apply because Merced County has not prosecuted Barajas. Even as to SJPD, which did prosecute Barajas, none of the *Figueroa-Soto* circumstances apply. The Court discusses each of the circumstances in turn. First, SJPD did not prosecute Barajas at the request of federal authorities. Second, federal agents did not assist in the prosecution of Barajas. Barajas pled nolo contendere, so there was no trial in his state case. Thus, federal agents did not and could not have sat at the prosecutor's table at a state trial and testified as witnesses in a state trial. Third, the federal authorities did not provide evidence against Barajas for use during the state case. Fourth, no federal sentencing hearing was delayed for the state case. Fifth, no federal forfeiture proceeding was delayed for the state case. Sixth, federal agents never contacted the state's witnesses during the state case. Seventh, a state prosecutor was never designated as a special assistant United States attorney to prosecute Barajas in federal court. In fact, no state prosecutor has a role in the instant

8

federal prosecution. Thus, the *Bartkus* exception simply does not apply to the instant case.

Here, Barajas' evidence of state and federal cooperation—the April 28, 2017 Merced County wiretap application that requested that both federal and state agencies be allowed to execute the wiretap order and the fact that Merced County received information about subjects in the wiretap application from the FBI and ATF—does not approach the extensive level of cooperation between state and federal authorities disclosed in *Figueroa-Soto*. Moreover, Barajas' evidence involves the Merced County investigation, which never led to a prosecution of Barajas and upon which the federal prosecution of Barajas did not rely.

Moreover, as the Ninth Circuit held in *Zone*, a joint state and federal task force formed to address gun violence that "conducted weekly meetings to discuss and coordinate participants' activities" did not implicate the *Bartkus* exception. 403 F.3d at 1103, 1107. Barajas' brief fails to identify any discussions among federal and Merced County authorities to discuss and coordinate strategies for prosecuting Barajas. At bottom, Barajas' scant evidence of coordination between federal and Merced County authorities during the Merced County investigation of Barajas does not show "one government being the other's 'tool' or providing a 'sham' or 'cover.'" *Figueroa-Soto*, 938 F.2d at 1020. Moreover, the Ninth Circuit has held that "[c]ooperation is constitutional" for double jeopardy purposes. *Lucas*, 841 F.3d at 803.

Barajas argues that the instant case violates double jeopardy because it relies on "Santa Clara County Superior Court case documents as well as Merced County Superior Court case documents." Mot. at 8. Specifically, Barajas argues that "there has been no federal investigation reports provided. The only federal investigation document is the affidavit of Charlie Chua, which merely recites back to the state prosecution documents, adding no further investigation facts by the federal government." *Id.* However, this argument is easily dismissed under controlling Ninth Circuit law, which states that double jeopardy does not prevent the government from "taking advantage of the evidentiary record developed in connection with a defendant's previous state conviction." *Zone*, 403 F.3d at 1105.

In addition, Barajas argues that there are "multiple agents" involved as part of

9

"multiagency task forces." Mot. at 8. However, only the Merced County investigation, which has not led to a prosecution, involved multiagency task forces. The SJPD investigation, which led to a prosecution of Barajas, did not involve any task forces. Moreover, as to the Merced County investigation, Barajas does not explain how the existence of any such task forces resulted in improper collusion rather than permissible cooperation. *Lucas*, 841 F.3d at 803 ("Cooperation is constitutional" for double jeopardy purposes). Moreover, there are no allegations that the task forces were involved in the federal prosecution of Barajas under 18 U.S.C. § 922(g)(1).

Barajas also argues that there is "no information provided that demonstrates how and through whom the federal government is made aware of Mr. Barajas and how they decide to initiate a prosecution based on that missing information. . . . The intertwined investigations and lack of federal investigation . . . demonstrates no independent sovereign activity by the federal government." Mot. at 9. It is not entirely clear to the Court what argument Barajas is advancing. Barajas appears to be arguing that because there was no federal investigation into Barajas as part of the SJPD investigation, the federal indictment is based solely on state evidence, thus demonstrating that the government was not an independent sovereign. However, as discussed above, double jeopardy does not prevent "taking advantage of the evidentiary record developed in connection with a defendant's previous state conviction." *Zone*, 403 F.3d at 1105. Thus, California and the federal government are still separate sovereigns.

Lastly, Barajas cites the "Petite policy," which is a "policy of not engaging in successive prosecutions except when necessary to advance compelling interests of federal law enforcement." Mot. at 7. Barajas' argument misses the mark. The Ninth Circuit describes the *Petite* policy as "a set of internal guidelines promulgated by the Department of Justice for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding." *Lucas*, 841 F.3d at 800 n.3.

In *Lucas*, the Ninth Circuit also held that the "*Petite* policy does not confer substantive rights." *Id.* at 806. Indeed, the *Lucas* court found that while a defendant "may quarrel with the

10

Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

strength of the federal interest asserted in this case, our review does not extend to revisiting the wisdom of the internal prosecutorial decisions made by the Department of Justice. It is perfectly sensible that federal authorities sought to prosecute [defendant] after his comparatively light state sentence for possessing a firearm as a convicted felon." *Id.* Thus, the *Petite* policy is irrelevant here to the analysis of whether Barajas' federal prosecution is in violation of the Double Jeopardy Clause. Under *Lucas*, this Court's role here is not to second guess the prosecutorial decisions made by the Department of Justice.

In sum, Barajas has failed to meet his burden of "tendering sufficient evidence to establish a prima facie double jeopardy claim." *Zone*, 403 F.3d at 1105. Therefore, Barajas' motion to dismiss the indictment for violation of double jeopardy is DENIED.

### A. Pre-Indictment Delay

Barajas argues that his Fifth Amendment Due Process right was violated as a result of excessive pre-indictment delay because Merced County started investigating Barajas in July 2016, and the federal government did not file charges until April 9, 2018. Mot. at 10. Barajas also cites Federal Rule of Criminal Procedure 48(b), which states that a court "may dismiss an indictment . . . if unnecessary delay occurs in . . . presenting a charge to a grand jury." The government argues that either under the Fifth Amendment or Rule 48(b), Barajas has failed to make the required showings of prejudice or "extreme circumstances," respectively. Opp. at 10. The Court first addresses Barajas' Fifth Amendment claim, then the Rule 48(b) claim.

#### 1. Fifth Amendment Claim

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations. In some circumstances, however, the Due Process Clause requires dismissal of an indictment brought within the [statute of] limitations period." *Id.* (internal citations and quotation marks omitted).

11

In order to succeed on a Fifth Amendment pre-indictment delay claim, a defendant must first prove "actual, non-speculative prejudice from the delay." *Id.* Second, a defendant "must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (internal quotation marks omitted). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

Here, Barajas argues in support of his Fifth Amendment claim that while "there is [sic] several significant delays between the alleged conduct(s), there have been no necessary reasons put forth for those delays." Mot. at 10. Barajas, however, makes no attempt to meet the two requirements of a Fifth Amendment pre-indictment delay claim: first, that he suffered actual prejudice from the delay, and second, that the delay offended fundamental conceptions of justice. Instead, Barajas merely recounts the timeline of the Merced County investigation. *Id.* In any event, as mentioned above, the Merced County investigation initiated on July 21, 2016 did not lead to any prosecution, much less Barajas' federal indictment. Rather, it was the SJPD's August 9, 2016 parole search and investigation that led to the federal indictment. The Ninth Circuit has held that "establishing prejudice is a 'heavy burden' that is rarely met." *Corona-Verbera*, 509 F.3d at 1112. For instance, the Ninth Circuit has held that an eight-year delay between the commission of a crime and a grand jury indictment did not violate the Fifth Amendment, even though during the intervening eight years, a potential witness who might have bolstered the defendant's defense passed away. *United States v. Ross*, 123 F.3d 1181, 1185 (9th Cir. 1997). In *Ross*, the Ninth Circuit concluded that the defendant's allegations of prejudice were "speculative." *Id.* Here, Barajas fails to even come close to meeting his burden because he fails to make any showing that he suffered actual prejudice from the delay. Therefore, Barajas' motion to dismiss the indictment for Fifth Amendment pre-indictment delay is DENIED.

### 2. Federal Rule of Criminal Procedure 48(b)

According to Federal Rule of Criminal Procedure 48(b), a court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a

12

Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."

The Ninth Circuit has made it clear that "Rule 48(b) clearly is limited to post-arrest situations." *Corona-Verbera*, 509 F.3d at 1114; *see also United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005) ("Rule 48(b) comes into play only after a defendant has been placed under arrest."). The *Barken* court held that even "if the delay between arrest and trial had been nearly five years, the court would have dismissed the indictment under Rule 48(b) only in extreme circumstances, after exercising caution and after forewarning the government of further delay." *Id.* In the context of Rule 48(b), the Ninth Circuit uses the phrase "caution . . . in a non-obvious, technical sense. Caution requires findings of prosecutorial misconduct and actual prejudice to the accused. . . . Generally, dismissal is proper under Rule 48(b) only for delay that is purposeful or oppressive." *United States v. Huntley*, 976 F.2d 1287, 1292 (9th Cir. 1992).

As aforementioned, Barajas' entire argument on this point merely states that Merced County officers began an investigation into Barajas in July 2016, and the federal government did not file a federal criminal charge until April 9, 2018. Mot. at 10. "This period is nearly two years after the [Merced County] investigation into Mr. Barajas." *Id.* However, per *Corona-Verbera*, Rule 48(b) is limited to post-arrest situations, and there is no evidence in the record that Merced County officials, who have not filed any charges against Barajas, ever arrested Barajas. *See id.* at 10 ("Merced County, however, has not filed charges on Mr. Barajas at present."). Moreover, as discussed above, Barajas' arrest by the SJPD and federal charge were not a result of the Merced County investigation. In addition, Barajas does not allege that there was any prosecutorial misconduct or actual prejudice for the alleged delay that would allow the Court to dismiss the indictment under Rule 48(b). *Huntley*, 976 F.2d at 1292. Therefore, Barajas' motion to dismiss the indictment under Rule 48(b) is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Barajas' motion to dismiss the indictment.

**IT IS SO ORDERED.**

13
Case No. 18-CR-00159-LHK-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

Dated: April 26, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge